FISK vs. COLLINS.

1. In an action of assumpsit upon a bill of exchange by indorsee against maker, evidence to shew that the bill was obtained fraudulently, or without consideration, and that indorsee was privy thereto, is admissible.

ERROR to St. Louis Circuit Court.

POLK, for Plaintiff in Error.

For reversal of the judgment of the court below, the plaintiff in error makes the following points:

1. The court below committed error in admitting the instrument of writing offered by the defendant in error.

That this instrument was irrelevant to the issues, considered by itself, there can be no question. Nor is it made relevant by the testimony of the witness Anderson. That testimony, it would seem, was offered to show (which however it did not do,) that the consideration of the bill on which this action was brought, was that plaintiff in error would give up to Collins, Leslie's draft on him for $1,000, which he could not do, as the draft belonged to the witness, Anderson; and that therefore the bill was without consideration. But admitting for the sake of argument, that Anderson's testimony proved all it was offered to prove, it is still apparent that the consideration of the bill was the *agreement* of plaintiff in error to deliver to Charles Collins, Leslie's draft on him, and not the fact of such delivering. Now this consideration was in full force at the commencement of this action, and still so remains in full force, for the agreement of plaintiff in error still retains its full obligation upon him, whether he will be ever able to fulfil it or not. But the very testimony of Anderson shows that plaintiff was able to fulfil his agreement. For it shows him in possession of the bill of Leslie on Collins, and able to hand it over to Collins. And though he might have

Fisk vs. Collins

broken his faith with witness, to have handed it over to Collins, yet he might have handed it over, and thus met the obligation of his contract. Indeed, the fair impression from the testimony of the witness is, that the bill was handed over by plaintiff in error according to his agreement.

2. The court below erred in admitting the testimony of Anderson; this testimony, considered by itself, and separate from every thing else, is clearly irrelevant. Nor does it become relevant, for the reasons already advanced, when considered in connection with the instrument of writing above referred to.

3. The court below erred in overruling the motion of plaintiff in error for a new trial.

*First*, Because the court received improper evidence, to wit: the above mentioned instrument of writing, and the testimony of Anderson.

*Second*, Because there was not sufficient evidence to warrant the finding of the court for defendant in error. The defendant's own proof, (see the instrument of writing given in evidence by defendant,) shows that plaintiff had agreed to deliver up to Collins, the draft of Leslie; because Collins had paid him the amount; not because Collins had given him the draft, upon which this suit is brought. And when the testimony of Anderson is adduced to help the matter out, it refers to an admission of the plaintiff, (the weakest species of evidence,) to the effect that Collins had made some arrangement for the satisfaction of the draft, by giving some paper, without specifying whose, or what kind of paper. And witness "understood something to be said about a bill or note of Tabor," uncertain as to whether note or bill, and only something said about it; not that the note or bill was given as the consideration of the agreement to take up Leslie's draft as aforesaid. But the rebutting testimony of St. John, shows that the transaction in which the bill sued on in this case was given, was an entirely different one from that referred to in the instrument of writing given in evidence by defendant in error; and that the bill was given to take up notes executed by defendant to plaintiff, and then due and unpaid, and left with witness for collection.

GAMBLE, for Defendant in Error.

The only questions presented for decision, are:

1. Whether the court erred in admitting the evidence offered by defendant.

2. Whether the court erred in overruling the motion for a new trial.

On the first point it is obvious, that the defence sought to be established, was that the bill sued on, was obtained without consideration, and by fraud. The plaintiff, after the bill sued on was made, acknowledges that he had been paid the amount of a bill of Leslie, previously made, and drawn upon Collins, and makes an acknowledgment, which goes to show that the bill sued on was given in payment of that previously made; and the evidence then shows that the plaintiff was not the owner of Leslie's bill and not entitled to receive payment of it, and that even at the time of trial, it still belonged to the witness Anderson. Now I hold that it was both competent and relevant testimony, which tended to prove that the plaintiffs had procured this bill by representing himself as the owner of the bill drawn by Leslie on Collins, when he was not such owner. This proof would shew that the bill was not only without consideration, but that it was obtained by fraud.

The *effect* of the evidence was not involved in the question of its admissibility, that is, it was not for the court to determine whether the evidence offered would prove the fact sought to be established—that was the province of the jury, or in this case, of the court sitting as a jury : but if it tended in any degree to prove any fact which might be available to the defendant, it was relevant, and ought therefore to have been admitted.

On the question whether the court should have granted a new trial, it is to be observed, that there was no instruction asked, no decision of any question of law by the court, and for this court to review the decision, is substantially to review the verdict upon the evidence, and not the decision of the court in any question of law.

It is understood that this court has at this term, in similar cases, decided that a judgment rendered on a verdict found by the court, as a jury, and without any express decision of any question of law by the court, would not be reversed on error.

TOMPKINS, J., delivered the opinion of the court.

Francis M. Fisk brought his action of assumpsit against Charles Collins, in the circuit court of St. Louis county ; and judgment in that court being entered up against him, he brings the cause into this court by writ of error to reverse it.

The action is brought on a bill of exchange, dated the seventh day of November, 1838, drawn by the defendant Collins, on one Joseph Tabor,

requesting him to pay, six months after the date thereof, to the order of Munn & Lindsley, one thousand dollars for value received. This bill was the same day accepted by Tabor, and after acceptance, indorsed by the payees, Munn & Lindsley, to Fisk, the plaintiff in this action.

The defendant pleaded the general issue, and a set-off. The cause was submitted to the circuit court without the intervention of a jury. The circuit court gave judgment for the defendant, on the issues made on each of the pleas above mentioned. The defendant in the circuit court, appellee here, gave in evidence on the trial of the cause, the following instrument of writing, having first proved its execution by the appellant, plaintiff in the circuit court, to-wit: "I have this day sold, and transferred to Charles Collins, for value received, a draft which was drawn by Miron Leslie on said Collins for one thousand dollars, and by him not accepted; the same was given on account of a debt, due, or supposed to be due, from A. W. Parsons to Fisk and Hollingshead, and given to meet a draft, given by Fisk and Hollingshead to F. M. Fisk; and whereas said Collins has paid me the amount of the said draft, I agree to obtain said draft, and hand the same over to the said Collins, so as to enable him to collect the same, provided the said Parsons is responsible in any way.

(Signed,)        F. M. FISK."

The plaintiff objected to the admission of this instrument of writing in evidence. The court overruled the objection, and the plaintiff excepted to the decision of the court on this point. The defendant, appellee, then called one George Anderson as a witness, who testified that the draft referred to in said last named instrument of writing, as given by said Miron Leslie on the said defendant for $1000, and by him not accepted, was at the date of the instrument before recited, (December 6th, 1836,) and still is the property of the witness; that the same was in possession of the plaintiff, but obtained from witness' attorney in Illinois, on witness' order, and for his use; that the witness had a conversation with the defendant on Main street, in St. Louis, during which the plaintiff came up, and remarked, in answer to a question put to him by the witness, that he had obligated himself to obtain said first mentioned draft, and hand it over to the defendant; that during the said conversation, Fisk, the appellant, spoke of the defendant having made some arradgement for the satisfaction of the said draft of Leslie, by giving some paper, and witness understood something to be said about a note, or bill of Joseph Tabor.

This testimony was also objected to by the plaintiff, appellant, his objection was overruled, and he excepted.

The appellant, plaintiff in this action, then, as rebutting evidence, offered and gave the testimony of one St. John, who testified that the bill of exchange herein before first named, was given by the defendant to the plaintiff in satisfaction, and for the purpose of taking up certain notes, amounting together to a larger sum than that specified in the said bill executed by the defendant to the plaintiff, and then due and unpaid, which had been placed by the plaintiff in witnesses' possession for collection; that the transaction in which the first mentioned bill of exchange was given, was an entirely different one from that referred to in the instrument of writing executed by the plaintiff, and given in evidence by the defendant, appellee; that the witness does not recollect all the particulars referred to in the last mentioned transaction, and cannot say what was the amount of the said Tabor's acceptance. The court found on this evidence for the defendant, and gave judgment accordingly.

The appellant moved to set aside the verdict, and to grant a new trial, for the following reasons: 1st, Because the finding of the jury is against the weight of evidence. 2d, Because the finding of the court is without evidence. 3d, Because the finding of the court is without evidence, and against law and evidence. 4th, Because the court admitted improper and illegal evidence at the trial.

The court overruled the motion, and the plaintiff excepted to the decision of the court.

The two points necessary to be decided here, are:

1st, Did the court commit error in admitting the evidence offered by the defendant?

2d, Did it err in overruling the motion for a new trial?

By the instrument of writing executed by Fisk, and given in evidence by Collins, to whom it was made, it appears that Fisk had sold a draft drawn on Collins by one Leslie, and which Collins had not accepted; this draft was for $1000, and he by this agreement had obligated himself to procure this draft, and deliver it to Collins, the defendant in error, and drawer of the bill sued on, declaring that Collins had paid him the amount of such draft.

Anderson, witness of the defendant Collins, testified that the Leslie draft belonged to him, at the time Fisk gave his obligation to hand it over to Collins, and still belonged to Anderson, and that he had heard Fisk speak of Collins having made an arrangement with him for the said draft of Leslie, by giving some paper, and he understood some-

thing to be said about a note, or bill of Joseph Tabor. This evidence certainly was admissible, under the plea of non assumpsit, to prove that the draft sued on, which had been accepted by Tabor, was obtained fraudulently, or without consideration. For it tends to establish the belief, that Fisk was privy to the drawing of the bill by Collins, and the acceptance of Tabor; for, says the witness, Fisk spoke of Collins having made some arrangement for the satisfaction of Leslie's draft, by giving some paper which the witness understood to be a note, or bill of Tabor. A jury might very well, on this evidence, believe that the bill sued on, was the bill drawn by Collins in favor of Munn & Lindsley, accepted by Tabor, and by Munn & Lindsley assigned to Fisk. Fisk gave rebutting evidence; and to which the most credit ought to be attached, it is not the province of this court to decide. Suffice it to say, that it is the opinion of this court, that the evidence offered by the defendant Collins was admissible.

The judgment of the circuit court must be affirmed.